LUIGI FUCCI *vs.* GEORGE C. ERSKINE, SUPERINTENDENT.

Third Judicial District, Bridgeport, October Term, 1920.
WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

The charter of New Haven (13 Special Laws, p. 442, § 185) conferred upon its City Court jurisdiction of all crimes and misdemeanors the punishment for which should not exceed a fine of $200, or imprisonment for six months, or both, "notwithstanding any general statute to the contrary." *Held* that the words quoted were not intended to establish a fixed, permanent jurisdiction which future general legislation could not alter, but merely to make it certain that no general statute to the contrary then existing (1899) should cast doubt upon the jurisdiction then conferred; and therefore that the City Court in 1920 could sentence offenders to the Reformatory for offenses punishable by imprisonment not exceeding five years, or by a fine of not more than $1,000, or both, pursuant to the authority expressly conferred upon all City Courts by § 4 of Chapter 262 of the Public Acts of 1919.

Submitted on briefs November 10th—decided December 22d, 1920.

WRIT OF HABEAS CORPUS to determine the legality of the petitioner's imprisonment or detention in the Connecticut Reformatory at Cheshire, brought to and reserved by the Court of Common Pleas in New Haven County, *Wolfe, J.*, upon a demurrer to the return, for the advice of this court. *Judgment advised overruling the demurrer and dismissing the writ.*

*Louis Sperandeo*, for the petitioner.

*Terrence F. Carmody*, for the respondent.

CASE, J. The respondent is the warden of the Connecticut Reformatory at Cheshire, and justifies his restraint of the petitioner therein, because of the latter's conviction of the theft of a bicycle of the value of $37, in the City Court of New Haven on the 30th day of September, 1919, and his due commitment by that court to the Reformatory for an indefinite period in pursuance of the provisions of the Public Acts of 1919, Chapter 262. This recent legislation enlarges the powers of certain inferior courts and authorizes commitments therefrom to the Reformatory where no such right existed before its passage.

The petitioner urges, however, that the City Court of New Haven gained nothing by this legislation, and that it is without the purview of the statutory provisions for this reason: by the charter of the city of New Haven [13 Special Laws (1899), p. 442, § 185] criminal jurisdiction is conferred upon the City Court in this language: "Said court shall have and exercise, within the town and city of New Haven, all jurisdiction, authority, and powers which justices of the peace in the several towns of this State have and exercise, or shall hereafter by law have and exercise, in all matters of a criminal nature, and shall have jurisdiction and

cognizance of all crimes and misdemeanors committed within the said town or city, either before or after the passage of this Act, the punishment whereof, inflicted by said court, shall not exceed a fine of two hundred dollars, or imprisonment in a common jail or work-house for six months, or both such fine and imprisonment, notwithstanding any general statute to the contrary, and shall have power to proceed to trial or examination, render judgment, require sureties of the peace, bind over to the Superior Court in cases not within the jurisdiction of said City Court, and grant warrants of commitment and execution in the same manner as justices of the peace in the several towns in this State may do in criminal cases, lawfully brought before them."

A general statute then in existence, and now § 6257 of the General Statutes, fixed the penalty for the theft of a bicycle exceeding $25 in value, as imprisonment for "not more than one year."

The petitioner insists that the language of § 185, just quoted, which limits the authority of the City Court to impose a jail penalty of more than six months, "notwithstanding any general statute to the contrary," is a fixed and permanent restriction limiting the scope of future general legislation, as well as barring of any effective significance contrary or conflicting provisions of any then-existing general statute. This is clearly not so. The plain legislative purpose was to remove any doubt that apparently inconsistent general statutory provisions might suggest as to the true scope of the City Court's jurisdictional limit in the imposition of sentences. It confined itself to the range of the statutes then in force, and in no degree affected or was intended to affect or impair the fullest control of the subject by future legislative modification or amendment.

The Act of 1919 (Chapter 262) defines the jurisdiction of the City Court of New Haven, so far as it purports to affect it.

The Court of Common Pleas is advised to overrule the petitioner's demurrer to the return, and to dismiss the petition for the writ.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.